**In the Matter of Attorney Robert J. SNYDER.**

No. 84–8017.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 16, 1984.

Decided Aug. 23, 1985.

Robert J. Snyder, Bickle, Coles & Snyder, Bismarck, N.D., pro se.

David L. Peterson, Wheeler, Wolf, Peterson, Schmitz, McDonald & Johnson, Irvin B. Nodland, Lundberg, Comny, Nodland, Lucas & Schulz, James S. Hill, Zuger & Bucklin, Patrick W. Durick, Pearce, Anderson & Durick, Robert P. Bennett, Kelsch, Kelsch, Bennett, Ruff and Austin, John C. Kapsner, Kapsner & Kapsner, Charles L. Chapman, Chapman & Chapman, Bismarck, N.D., for appellee.

Before LAY, Chief Judge, HEANEY and ARNOLD, Circuit Judges.

## ORDER

This matter was reversed and remanded to this court for further proceedings in conformity with the opinion of the Supreme Court.

On April 13, 1984, this court found that Robert J. Snyder disrespectfully refused to comply with the Criminal Justice Act (the CJA) in declining to verify his hours and expenses as required under 18 U.S.C. § 3006A (1982). *See In re Snyder,* 734 F.2d 334 (8th Cir.1984), *rev'd,* — U.S. ——, 105 S.Ct. 2874, 86 L.Ed.2d 504 (1985). After his application for attorney fees was returned to him for the second time, Snyder wrote a letter to this court stating he was "disgusted" with this court's requirement that he comply with the CJA.[1] Thereafter an order requiring Snyder to show cause as to why he should not be suspended was issued. Following a hearing before a three judge panel, Snyder was told that failure to retract his letter would result in his suspension. Upon his refusal to retract his disrespectful statement, Snyder was ordered suspended for six months.

Snyder was not suspended for his criticism of either the fees awarded under the CJA or this court. Snyder's refusal to show continuing respect for the court was specified in this court's April 13, 1984, holding. This court stated specifically "this is not to say that courts cannot and should not be subject to proper criticism and comment; *however, when an attorney becomes disrespectful in response to a court's request that counsel comply with a congressional mandate, then we deal*

---

1. Snyder's computer provided a billing at a certain dollar per hour rate. He refused to break down his money code so that his hours could be verified for approval at the hourly twenty to thirty dollar fee then allowed under the CJA.

Snyder knew his computer's money code; this court did not. Snyder also claimed his telephone charges were privileged information. This court rejected such a claim as frivolous.

*with a different matter."* In re Snyder, 734 F.2d at 337 (emphasis added).

Snyder was suspended for disrespectfully refusing this court's request that he comply with the statute requiring an attorney to verify hours and expenses when seeking a fee under the CJA. This is the first time, to the knowledge of this court, that a lawyer has refused to cooperate in aiding the court to process a fee application under the CJA.

This court felt that Snyder's application for attorney fees required compliance with the CJA, and that pursuing such an application without complying with the CJA impeded the orderly processing of attorney fee applications. The Supreme Court, however, held that Snyder owed no obligation to this court to comply with the CJA. The Court further held that a single instance of "unlawyer-like rudeness", *In re Snyder*, —— U.S. at ——, 105 S.Ct. at 2876, was not grounds for suspension and that Snyder's noncompliance with the CJA could only result in a refusal to award a fee.

As a matter of supervisory authority over the district courts and in view of the Supreme Court's opinion in *In re Snyder*, we request each district judge to disapprove any attorney fee application submitted under the CJA if the application does not conform with the CJA in its verification of both hours and expenses. Pursuant to the mandate of the Supreme Court, Snyder's order of suspension is hereby vacated.

It is so ordered.